IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BROWN,<br><br>    Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden,<br><br>    Respondent.<br>_____ | No. C 08-3502 MMC (PR)<br><br>**ORDER OF DISMISSAL**<br><br>**(Docket Nos. 2, 3)** |

On July 22, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has applied for leave to proceed in forma pauperis.

For the reasons set forth below, the Court finds the petition is subject to dismissal because petitioner has not sought or obtained authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3).

**BACKGROUND**

On May 25, 1995, in the Superior Court of San Francisco County, petitioner was convicted of conspiracy to commit murder and attempted murder. He was sentenced to a term of fifty-six years to life in state prison.

Petitioner previously filed in this district a habeas corpus petition challenging the 1995 conviction. See Brown v. Hickman, C 98-2013 MMC (PR). On December 18, 1998, the Court denied the petition on the merits. (See id. Docket No. 28.) Subsequently, the Court

denied petitioner's request for a certificate of appealability, as did the Ninth Circuit. (See id. Docket Nos. 34 & 37.)

In the instant petition, petitioner challenges the validity of the 1995 conviction on grounds of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, juror misconduct, and insufficiency of the evidence.

## DISCUSSION

A claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive habeas corpus petition under § 2254 that was not presented in a prior petition must also be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. Id. § 2244(b)(2). Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition. Id. § 2244(b)(3)(A).

The instant petition presents claims challenging the 1995 conviction that was the subject of petitioner's prior federal habeas corpus petition. Consequently, petitioner may not proceed with such claims until he has sought or obtained an order from the Ninth Circuit authorizing him to file a second or successive petition in the district court. Accordingly, the instant petition must be dismissed without prejudice to petitioner's refiling the petition if he obtains the necessary order.[1]

//

---

[1] Petitioner has filed a motion for appointment of counsel to represent him in this action. As the petition is subject to dismissal, the motion for appointment of counsel is hereby DENIED as moot. (Docket No. 3.)

2

**CONCLUSION**

For the reasons stated above, the petition is hereby DISMISSED without prejudice as a second or second successive petition under 28 U.S.C. § 2244(b).

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED. (Docket No. 2.)

This order terminates Docket Nos. 2 and 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: July 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge